UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNIE COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-02118-JMB |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of a document filed by pro se plaintiff Donnie Cook titled "Petition for Writ of Habeas Corpus Pursuant to Supreme Court Rule 91." (Docket No. 1). For the reasons discussed below, the Court has determined that this document is properly construed as a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, plaintiff will be given the opportunity, if he so chooses, to file a complaint on a Court-provided form setting forth his § 1983 claims. If plaintiff files a civil rights complaint, he must also provide the Court with a copy of his certified inmate account statement.

**Background**

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. (Docket No. 1 at 1). He brings this action against defendant Stanley Payne, who is the warden of ERDCC. The document is styled as a "Writ of Habeas Corpus Pursuant to Supreme Court Rule 91." Rule 91 refers to rules promulgated by the Missouri Supreme Court for the filing of a state petition for writ of habeas corpus.

Plaintiff states that he, along with his cellmate, was issued a conduct violation after a homemade knife was found wrapped around the railing of his cellmate's bunk. (Docket No. 1 at

2). Following this incident, the disciplinary hearing officer assessed a punishment of thirty days disciplinary segregation, one year of non-contact visits, one year of restricted premium pay, and an "indefinite assignment to administrative segregation." The matter was also referred for prosecution. However, plaintiff's cellmate was found not guilty and returned to general population, where his privileges and honor status were restored.

During his disciplinary hearing, plaintiff states that he requested that surveillance footage be reviewed as evidence. (Docket No. 1 at 2-3). He claims that such footage would substantiate his proposition that the knife was planted by "another inmate" who accessed the cell while plaintiff and his cellmate were at work. (Docket No. 3). This request was denied. Plaintiff asserts that the denial violated his right to due process.

Plaintiff further asserts a violation of his right to equal protection. Specifically, he notes that his cellmate's conduct violation was dismissed and expunged from his record, even though the knife was wrapped to the railing of his bunk. Thus, plaintiff concludes that he was treated differently from his cellmate, though they were similarly situated. He also states there was no rational basis for the difference in treatment between plaintiff and his cellmate. (Docket No. 1 at 4).

Plaintiff also alleges that his punishment constitutes an atypical and significant hardship. He asserts that he is only allowed three hours of recreation a week, in a small outdoor cage shared with another prisoner. (Docket No. 1 at 5). During periods of inclement weather, he is unable to attend his recreation period, because winter coats are not "consistently available" and he is unable to access adequate winter clothing. Plaintiff states that this has caused his muscles to atrophy and his chronic knee problem to worsen.

Plaintiff claims that he is experiencing "near total sensory deprivation in segregation," which has worsened his psychological problems, including hallucinations, sleep deprivation, anxiety attacks, and a loss of appetite. He further complains that he is not allowed to participate in rehabilitation programs; that the showers are not consistently sanitized; that he is not provided adequate clothing; and that he is subjected to four-point restraints for several hours at a time without food or restroom breaks. (Docket No. 1 at 5-6).

Plaintiff seeks an order directing defendant Payne to immediately release him back to general population, and to dismiss and expunge the conduct violation. (Docket No. 1 at 7).

## Discussion

Plaintiff has filed a document that purports to be a writ of habeas corpus. However, for the reasons discussed below, the relief he seeks is not available under habeas review. Rather, plaintiff's allegations are more properly construed as claims arising under 42 U.S.C. § 1983. The Court will therefore give plaintiff the opportunity to file a complaint pursuant to § 1983.

### A. Plaintiff's requested relief is not available under habeas review

Plaintiff has clearly chosen a petition for writ of habeas corpus as his avenue of relief. Indeed his filing is titled "Petition for Writ of Habeas Corpus Pursuant to Supreme Court Rule 91." Shortly before bringing this action before the Court, he filed a similarly titled petition in state court, also seeking habeas relief.[1]

When a state prisoner is "attacking the validity of the fact or length of [his] confinement," then habeas corpus is the proper remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). On the other hand, if the prisoner is not challenging the length or validity of his conviction, then habeas corpus is not proper. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). If there is no attack

---

[1] Plaintiff's state writ of habeas corpus was denied on November 27, 2018, with the circuit court reasoning that plaintiff's claims did not state a cognizable basis for habeas relief. *See Cook v. Payne*, No. 18SF-AC01389 (24th Cir., St. Francois County).

3

on the validity of a petitioner's sentence or the length of his state custody, the district court lacks the subject matter jurisdiction to issue a writ, and generally the case should be dismissed. *Id.*; s*ee also Pettersen v. Clarke*, 82 F.3d 421, 1996 WL 183097, at *1 (8th Cir. 1996) (unpublished opinion) (agreeing with district court that petition was properly dismissed without prejudice because it did not challenge prisoner's conviction or sentence).

Here, plaintiff is not challenging the validity or duration of his state sentence. Instead, he is seeking injunctive relief in the form of release from administrative segregation on the basis of allegedly unconstitutional conditions of confinement. Treated strictly as a request for habeas relief, this petition would have to be dismissed. However, as discussed below, dismissal is not appropriate at this time.

**B. Construction as a § 1983 claim**

Plaintiff's labelling of his action as a petition for writ of habeas corpus is not controlling. *See Kruger*, 77 F.3d at 1073 (stating that when determining whether a filing is a habeas action or a § 1983 claim, the "prisoner's label cannot be controlling"). Rather, a court must look to the substance of the relief that has been sought. *Id*. Moreover, because plaintiff is proceeding pro se, his filings must be construed liberally and "considered within the proper legal framework." *See Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

Plaintiff's allegations concern his alleged conditions of confinement at ERDCC. In particular, he complains about various aspects of his administrative segregation, such as the amount of recreation time he receives, the adequacy of his clothing, and sanitary issues. These claims are more properly brought pursuant to § 1983. *See Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (stating that in the context of a § 1983 claim, the Eighth Amendment requires that prison "inmates receive adequate food, clothing, shelter, and medical care"). Indeed, complaints

about administrative segregation are common among § 1983 claims. *See, e.g., Sandin v. Conner*, 515 U.S. 472 (1995). Because the Court must construe plaintiff's filings liberally, it is appropriate to characterize plaintiff's purported petition for writ of habeas corpus as an action under § 1983. *See Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000) (construing petitioner's habeas petition regarding forced medications as a *Bivens* claim for damages resulting from an alleged violation of due process); and *Young v. Armontrout*, 795 F.2d 55, 56 (8th Cir. 1986) (stating that petitioner's habeas petition raised a potential Eighth Amendment deliberate indifference claim, and therefore remanding the case to the district court with instructions to treat the petition as a complaint under § 1983).

With that said, the Court will not sua sponte transform plaintiff's habeas corpus petition into a § 1983 complaint. Instead, the better practice is to first obtain the consent of the pro se litigant before converting his action. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (stating that it is "appropriate to consider the potential detriment to habeas petitioners if district courts, sua sponte, transformed their habeas petitions into . . . § 1983 claims"). The reason is that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011).[2]

Therefore, plaintiff will be given the opportunity to file a § 1983 complaint on a Court-provided form, pursuant to the directions set forth below.

---

[2] The Eighth Circuit expressly approved of the "Seventh Circuit's wisdom outlined in *Robinson v. Sherrod*." *See Spencer*, 774 F.3d at 471.

### C. Directions on filing complaint

Plaintiff will be given an opportunity, if he so chooses, to file a § 1983 complaint with this Court. If he decides to file a § 1983 complaint, he should do so according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Plaintiff is advised that he must name the defendant or defendants that are allegedly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Unlike a habeas petition, it is not sufficient to simply name the warden of ERDCC, based only on the warden's position of authority. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (stating that a "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). Rather, if plaintiff names a defendant, he must also allege that defendant's personal responsibility for the alleged deprivation of his constitutional rights.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the

defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). It is not necessary to make legal arguments or provide case citations.

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to describe the actions of each defendant named in this case, so that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of his complaint will **completely replace** the original petition. This means that claims that are not re-alleged in the complaint will

be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Plaintiff has already filed a motion to proceed in forma pauperis. However, that motion pertained to an intended petition for writ of habeas corpus. As the Court has already explained, though, plaintiff's filing is more properly construed as an action under § 1983.

The filing fee for a habeas petition is $5.00, which is waived if a petitioner is granted in forma pauperis status. In a civil case, though, the filing fee for a prisoner granted in forma pauperis status is $350. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff would be required to pay the full amount of the $350 filing fee if he files a § 1983 action, though he would be allowed to make those payments in installments.

In order to assess an initial partial filing fee, plaintiff is required to provide the Court with a copy of his certified inmate account statement for the six-month period immediately preceding the filing of his complaint. If he has insufficient funds in his prison account to pay the entire fee, the Court will assess an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in his account, or (2) the average monthly balance in his account for the prior six-month period. After payment of the initial partial filing fee, plaintiff will be required to make monthly payments of 20 percent of the preceding month's income credited to the his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is fully paid. *Id*.

If plaintiff decides to file a § 1983 complaint, he must do so within **thirty (30) days** of the date of this order. He must also provide the Court with a certified copy of his inmate account

statement, or pay the full filing fee. Failure to file a complaint and the account statement will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) shall be held in abeyance pending the filing of a § 1983 complaint and an inmate account statement.

**IT IS FURTHER ORDERED** that the Clerk of Court will send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that if plaintiff decides to file a § 1983 complaint, he must do so within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff decides to file a § 1983 complaint, he must provide the Court with a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of a § 1983 complaint, the Court will review said complaint pursuant to 28 U.S.C. § 1915.

Dated this 29th day of March, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE